FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 24 PM 4:34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAVONI BRIDGES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2130** |
| **JO ANNE B. BARNHART COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "R" (4)** |

## REPORT AND RECOMMENDATION

### I. Introduction

Felicia Newman filed an application for Childhood Supplemental Security Income ("SSI") on behalf of her child, Javoni Bridges ("Javoni") and now seeks judicial review, pursuant to **Title 42 U.S.C. § 405(g)**, of the final decision of the Commissioner of Social Security. The Commissioner denied the application for SSI benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1382 et. seq.

The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 U.S.C. § 636(b)** and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

Newman filed for SSI on behalf of Javoni in February 1996 and was awarded benefits. The benefits ended on February 1, 2000, because of Javoni's medical improvement. (Tr. 31-32). Newman did not appeal the termination of benefits, but in October 2001 she filed another application contending that her son was disabled from a speech and language deficit and Attention Deficit

___ Fee
___ Process
X Dktd
✓ CtRmDep
___ Doc. No.

Hyperactivity Disorder ("ADHD"). (Tr. 17, 71-72, 76-79).

The application was denied and a hearing was requested before an Administrative Law Judge ("ALJ"). The hearing took place on September 23, 2003. (Tr. 17, 32-33, 374-87). In the decision, the ALJ found that Javoni was not disabled from his speech and language deficit which he analyzed under Listing Level 112.05, Mental Retardation, nor was he disabled from ADHD, which he analyzed under ADHD's Listing Level at 112.11.

On appeal, the claimant contends that the ALJ erred when concluding that Javoni's impairments did not meet the listing level requirement for Listing level 112.05(D) under Mental Retardation. The Commissioner, on the other hand, contends that the ALJ properly concluded that Javoni does not meet the 112.05(D) listing level requirement. Having set forth the contention of the parties, the Court will proceed with its review of the matter.

## II. Standard of Review

### A. Statutory and Regulatory Framework

To receive disability benefits, a claimant must be "disabled" as defined by the Social Security Act. *See* 42 U.S.C. § 423(a)(1)(D) and 42 U.S.C. § 1382(a). However, in 1997, Public Law 104-193, was enacted requiring the Commissioner to revise the regulations for determining a child's disability. *See* Supplemental Security Income; Determining Disability for a Child Under 18, 62 Fed. Reg. 6408 (Feb. 11, 1997).

The regulations, first published in the Federal Register on February 11, 1997, apply to this case. *See* Corrections: Supplemental Security Income; Determining Disability for a Child Under 18, 62 Fed. Reg. 13733 (Mar. 21, 1997); Supplemental Security Income; Determining Disability for a Child Under 18, 62 Fed. Reg. 6408-6432 (Feb. 11, 1997). The final rules were not published until

September 1, 2000 and became effective on January 2, 2001. The ALJ's opinion was issued in February 2004, and therefore those rules apply.

The provisions of the Social Security Act state that the child of a fully insured individual is entitled to child's insurance benefits based on the account of the wage earner, if he/she has not attained the age of eighteen or is a full-time student in secondary school and has not attained the age of nineteen or has a disability that began before he/she became twenty-two years old. *See* 42 U.S.C. § 402(d)(1).

**B. Judicial Review**

The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the Secretary. *See id.* If supported by substantial evidence, then the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "It is more than a mere scintilla and less than a preponderance." *Id.* It must do more than create a suspicion of the existence of the fact to be established, and no "substantial evidence" will be found only when there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails

to resolve, a conflict created by countervailing evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Evidence is not substantial if it is overwhelmed by other evidence, particularly that offered by treating physicians. *See id.*

**III. Listing level 112.05**

Newman contends that the ALJ erred when concluding that Javoni did not meet the 112.05(D) listing level requirements. According to Newman, the ALJ acknowledged that her son suffered from impaired intellectual functioning in the form of a Javoni's learning deficits in speech and language which, she alleges, suggests that Javoni meets the 112.05(D) requirement. She contends that because the listing does not require a severely disabling impairment in and of itself, he met the requirements for disability under Listing 112. 05(D) at the time of the hearing. (Pl.'s Br. at 7).

In contrast, the Commissioner contends that the ALJ properly found that Newman's son is not disabled. The Commissioner contends that the regulations not only require a valid full scale IQ score of 60 through 70 and a physical or mental impairment, but the impairment must impose an additional significant limitation of function. (Def.'s Br. at 4). The Commissioner contends that because there is no evidence that Javoni suffered from significant limitations in adaptive functions, the ALJ's decision is based upon substantial evidence.

Listing 112.05 provides that mental retardation is "characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning." 20 CFR Pt. 404 Subpt. P, App. 1 §112.05. A claimant meets "the required level of severity for this disorder when the requirements in A, B, C, D, E, or F are satisfied." *Id.* Section D, the section which Newman claims Javoni satisfies, requires a valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical

or other mental impairment imposing an additional and significant limitation of function. *Id.*

The Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) ("DSM IV") provides that significantly sub-average intellectual functioning is an IQ of about 70 or below (approximately 2 standard deviations below the mean). *Riley v Apfel,* 1998 WL 553151, at *6 (6th Cir. 1998). The DMS IV also provides that mental retardation could be diagnosed in individuals with IQ's between 70 and 75 who exhibit significant deficits in adaptive behavior. *See Lawrence v Barnhart,* 2002 WL 356316, *3 (E.D.La. 2002). Conversely, mental retardation would not be diagnosed in an individual with an IQ of between 60-59 if there are no significant deficits or impairments in adaptive functioning. *See id; see also* 20 CFR Pt. 404 Subpt. P, App. 1 § 112.05(D) (requirements for meeting the listing under 112.05(D) are written in the conjunctive).

In concluding that Javoni did not meet the listing level requirement for Mental Retardation, the ALJ noted that his verbal scale IQ was 67 with a performance IQ of 82 and a full scale IQ of 73 on the WAIS-III.[1] (Tr. 298-300). Javoni, therefore was in the borderline range and could be considered mentally retarded if he also exhibited **significant deficits in adaptive functioning.** Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting. *Fairchild v Lockhart*, 744 F.Supp. 1429, 1455 (E.D.Ark. 1989) (citing Diagnostic and Statistical Manual of Mental Disorders, 37 (3rd.ed. 1980)). Deficits in adaptive behavior are limitations on general ability to meet the standards of maturation, learning, personal independence, and social responsibility expected for an individual's age level and cultural group. *Id.*

[1]WAIS-III refers to scores based on the 3rd edition of the Wechsler Adult Intelligence Scale.

Contrary to Newman's contention, while the impairment itself does not have to be severe, in order for Javoni to be considered mentally retarded under the regulations, the impairment must also impose significant deficits in adaptive functioning. The record shows that in 2002, Javoni was noted as having speech and hearing difficulties. (Tr. 22, 220-223). In June 2003, Family Service of Greater New Orleans noted that Javoni was improving in school and behaving in a more positive manner. (Tr. 22, 356). He was also noted as cooperative and motivated to perform well when he was tested. (Tr. 298) During the testing he exhibited adequate concentration and frustration tolerance. (Tr. 22, 298).

Further, during the hearing before the ALJ, Javoni testified that he was getting along well with classmates as he had a lot of friends. (Tr. 23, 378). He was attending school and he further indicated that he got along well with his brothers and did not get into fights with them. (Tr. 23, 379). He testified that he passed all of his classes last year. (Tr. 380). The Court finds, therefore, that because Javoni did not suffer from significant limitations in adaptative functioning, the ALJ's findings that Javoni did not meet the listing level for mental retardation is based upon substantial evidence.

## IV. <u>Conclusion</u>

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision denying Newman's request for Supplemental Security Income Benefits on behalf of her son Javoni be **AFFIRMED.**

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of JAN 2006.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**